**CONCOURSE VILLAGE, INC.,**
Plaintiff-Appellee,

v.

**LOCAL 32E, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO,**
Defendant-Appellant.

**No. 637, Docket 86–7746.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1987.

Decided June 26, 1987.

Irving T. Bush, New York City (Miller & Bush, New York City, of counsel), for defendant-appellant.

David I. Rosen, New York City (Kevin J. McGill, Clifton, Budd, Burke & DeMaria, New York City, of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Appellee, Concourse Village, Inc. ("Concourse Village"), operates a residential apartment complex; appellant, Local 32E, Service Employees International Union, AFL–CIO ("Local 32E"), represents Concourse Village's maintenance employees. Related to this appeal is a collective bargaining agreement covering the period April 19, 1984 through April 18, 1987 (the "1984–87 collective bargaining agreement"). This agreement expressly includes superintendents and thus Local 32E contends that the contractual provision for arbitration is applicable to disputes involving superintendents. Concourse Village, on the other hand, asserts that the National Labor Relations Board ("NLRB") has ruled

that the superintendents working at the apartment complex are supervisors and, hence, are excluded from the provisions of the 1984–87 collective bargaining agreement. The district court granted summary judgment in favor of Concourse Village and enjoined Local 32E from proceeding to arbitration with respect to any issues related to superintendents. We reverse and remand.

## BACKGROUND

Appellee Concourse Village, Inc. operates a residential cooperative apartment complex in Bronx, New York; appellant Local 32E represents Concourse Village's maintenance employees. Both have been parties to numerous collective bargaining agreements, including the 1984–87 collective bargaining agreement which is the subject of the dispute herein.

On February 14, 1984, approximately two months prior to the expiration of the collective bargaining agreement then in effect, Concourse Village filed a unit clarification petition with the Regional Director of the NLRB. The petition requested that the assistant maintenance director and the superintendents be excluded from the bargaining unit because they are supervisors within the meaning of section 2(11) of the National Labor Relations Act, 29 U.S.C. § 152(11) (the "Act"). The Regional Director dismissed the petition, reasoning that such employees were not supervisors within the meaning of the Act.

On April 20, 1984, Concourse Village filed a request with the NLRB for review of the Regional Director's decision. While the request for review was pending, the parties negotiated the subject 1984–87 collective bargaining agreement, which included the superintendents and assistant maintenance director in its coverage. On November 30, 1984, the NLRB granted review of the Regional Director's decision, and on August 27, 1985, it issued a final decision and order reversing him. The NLRB order stated that the superintendents and the assistant maintenance director were supervisors within the meaning of the Act, and

thus that they were excludable from the bargaining unit.

Counsel for Concourse Village sent a letter dated September 23, 1985 to the attorney for Local 32E, which stated that Concourse Village would no longer recognize the superintendents and assistant maintenance director as members of the bargaining unit in light of the NLRB's decision and order. The letter stated that "these classifications will not be deemed covered by the collective bargaining agreement in effect between the Union and the Employer." Local 32E responded in a letter dated October 1, 1985, which stated that the NLRB decision did not relieve Concourse Village of its obligations under the 1984–87 collective bargaining agreement.

By written notice dated February 6, 1986, Local 32E demanded of Concourse Village arbitration with respect to "duties of the superintendent and non-compliance with the contract with respect to wages, sick days, and scheduling of shifts, and overtime concerning the superintendents, [sic] vacation." Concourse Village then commenced the instant action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to stay the arbitration sought on the ground that there was no agreement or duty to arbitrate the controversy since the superintendents were no longer part of the bargaining unit. The parties cross-moved for summary judgment, Local 32E sought an order to compel arbitration while Concourse Village sought an order to enjoin arbitration. The district court granted Concourse Village's motion and denied Local 32E's cross-motion. It enjoined arbitration, holding that the NLRB decision and order "defined the lawful limits of coverage of the contract." (quoting *Smith Steel Workers v. A.O. Smith Corp.*, 420 F.2d 1, 7 (7th Cir.1969)).

On appeal, Local 32E claims that since Concourse Village consented to coverage of the superintendents when the 1984–87 collective bargaining agreement was negotiated, arbitration of the dispute concerning the superintendents is not precluded by the NLRB unit clarification. Local 32E argues that the effect of the NLRB clarification

order was only that Concourse Village was not compelled to include the superintendents in the bargaining agreement. Concourse Village contends that the NLRB unit determination bars arbitration of a dispute concerning the superintendents because the unit determination ended the recognition of Local 32E as the representative of the superintendents. Moreover, Concourse Village contends that it did not voluntarily include the superintendents in the 1984–87 collective bargaining agreement, but that it included them only to comply with the decision of the Regional Director which was then in effect.

## DISCUSSION

■ Parties to a contract must submit a dispute to arbitration only when they have contracted to do so. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *Rochdale Village, Inc. v. Public Service Employees Union,* 605 F.2d 1290, 1294 (2d Cir.1979). The determination of whether a collective bargaining agreement creates a duty to arbitrate a specific dispute is a matter to be resolved by a court, not the arbitrator, in the first instance. *AT & T Technologies,* 106 S.Ct. at 1420; *Butchers, Food Handlers and Allied Workers Union v. Hebrew National Kosher Foods, Inc.,* 818 F.2d 283, 286 (2d Cir.1987); *Transit Mix Concrete Corp. v. Local Union No. 282,* 809 F.2d 963, 967 (2d Cir.1987); *Rochdale Village,* 605 F.2d at 1294. We note however, that our scope of review is quite limited because, in determining whether a contract contains a clause requiring the parties to submit to arbitration, all doubts must be resolved in favor of arbitrability. *AT & T Technologies,* 106 S.Ct. at 1419 ("there is a presumption of arbitrability"); *Warrior & Gulf,* 363 U.S. at 583, 80 S.Ct. at 1353 ("Doubts should be resolved in favor of coverage."). Indeed, unless it can be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," the dispute should be submitted to arbitration. *Id.* at 582–83. Significantly, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *AT & T Technologies,* 106 S.Ct. at 1419; *see also Emery Air Freight Corp. v. Local Union 295,* 786 F.2d 93, 96 (2d Cir.1986).

■ Relying on these well settled principles, we need only determine whether a valid collective bargaining agreement exists between Concourse Village and Local 32E and, if so, whether that agreement contains an arbitration clause broad enough to cover the underlying dispute herein. The record clearly establishes, and the parties do not dispute, that the 1984–87 collective bargaining agreement itself is valid, that it contains an arbitration provision, and that the agreement specifically includes the superintendents in its coverage.

At issue herein, however, is whether coverage of the superintendents was governed by the unit clarification by the NLRB. Appellant argues that the scope of the 1984–87 collective bargaining agreement covers the superintendents notwithstanding the NLRB clarification because Concourse Village voluntarily consented to include the superintendents in this agreement. Concourse Village denies that such inclusion was voluntary, contending that at the time the 1984–87 collective bargaining agreement was negotiated, the Regional Director's determination that the superintendents were properly in the unit was in effect, and that Concourse Village included the superintendents in the coverage of the contract in order to comply with the Regional Director's decision. Concourse Village asserts that it was implicit in the 1984–87 collective bargaining agreement that such coverage was conditioned on the outcome of its appeal of the Regional Director's determination to the NLRB. Concourse Village contends that once the NLRB determined that the superintendents were supervisors and, hence, excludable, continued voluntary inclusion of the superintendents in the coverage of the 1984–87

collective bargaining agreement was precluded.

It is not the role of this court to determine the merits of the underlying dispute. *See AT & T Technologies,* 106 S.Ct. at 1419. Rather, we must decide only whether the arbitration clause contained in the valid 1984–87 collective bargaining agreement is broad enough to require the parties to submit the underlying dispute to arbitration. *See Emery Air Freight,* 786 F.2d at 97. "We will order arbitration if the arbitration clause is broad and if the party seeking arbitration has made a claim that on its face is governed by the contract." *Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington,* 820 F.2d 31, 35 (2d Cir.1987). The arbitration clause in the 1984–87 collective bargaining agreement is fairly broad, covering "all complaints, disputes or grievances arising between the parties." The demand for arbitration by Local 32E involves a dispute between the parties. Specifically the union seeks clarification via arbitration of the duties of the superintendent under the 1984–87 collective bargaining agreement and a determination as to whether Concourse Village has breached the agreement with respect to the terms and conditions of employment of the superintendents under the agreement. To conduct this arbitration the arbitrator must first determine the scope of the agreement, i.e., whether it covers the superintendents after issuance of the NLRB unit clarification order.

The broad arbitration clause in the 1984–87 collective bargaining agreement provides for arbitration of disputes that involve the scope of the agreement between the parties and, hence, it arguably encompasses this dispute. We cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," and, therefore, we hold that the underlying dispute between the parties is arbitrable. *Warrior & Gulf,* 363 U.S. at 582–83, 80 S.Ct. at 1352–53.

## CONCLUSION

For the foregoing reasons, we reverse the order of the district court which granted the appellee's motion for summary judgment to enjoin arbitration and denied appellant's cross-motion for summary judgment to compel arbitration. We remand to the district court with a direction to grant appellant's motion for summary judgment ordering the appellee to submit to arbitration. It is our understanding that appellant agrees that before addressing the issues raised in appellant's demand for arbitration the arbitrator shall determine the threshold issue, which we deem arbitrable, of whether the superintendents are included in the 1984–87 collective bargaining agreement, notwithstanding the NLRB unit clarification.