**In the Matter of the Petition of the HOME INSURANCE COMPANY as Successor in Interest to the Home Indemnity Company Seeking an Order Directing Svedala Industries, Inc. to Proceed to Arbitration.**

No. 95 Civ. 5338 (JGK).

United States District Court,
S.D. New York.

Dec. 11, 1995.

Emilie L. Bakal, Mound, Cotton & Wollan, New York City, for petitioner.

Robert J. Brennan, Jay R. McDaniel, Porzio, Bromberg & Newman, New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

KOELTL, District Judge:

This is a petition to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (the "Arbitration Act") brought by The Home Insurance Company ("Home") against Svedala Industries Inc. ("Svedala"). Svedala cross-moves to dismiss the petition.

### I.

Home bases its petition on an arbitration clause in a Retrospective Premium Agreement (the "Premium Agreement") between itself and Svedala. The Premium Agreement governs certain premium calculations in connection with a Workers Compensation and Employers Liability Insurance policy (the "Policy") issued to Svedala by Home. Home seeks to submit to arbitration certain disputed retrospective premiums billed under the Premium Agreement that Svedala has refused to pay.

Home also seeks to enjoin Svedala from proceeding with a related action pending in the Eastern District of Wisconsin. *See* 9 U.S.C. § 3. In that action, removed by Home from Milwaukee County Circuit Court, Svedala claims that Home "breached its fiduciary obligations ... and further breached its duties of good faith and reasonableness" and seeks a declaratory judgment that Svedala does not owe the disputed premiums that Home billed. (*See* Aff. of Mark J. Fisher, dated July 17, 1995, Ex. B.) Home responded to Svedala's declaratory judgment action by moving for a stay pending arbitration. That motion was pending at the time Home's petition was argued before this Court on September 8, 1995.

On October 18, 1995, District Judge Myron L. Gordon granted Home's motion and ordered the Wisconsin proceedings stayed pending arbitration, *see Svedala Indus., Inc. v. The Home Ins. Co.*, No. 95–C–746 (E.D.Wisc. Oct. 18, 1995), making moot that

part of Home's petition in this Court requesting a stay of the Wisconsin proceeding. In light of Judge Gordon's decision, the only issue remaining before this Court is whether to compel arbitration or dismiss the petition. For the reasons that follow, Home's petition is granted, Svedala's cross-motion to dismiss is denied, and the parties are ordered to proceed to arbitration pursuant to 9 U.S.C. § 4.

## II.

Initially, Svedala argues that Home's petition should be dismissed on two procedural grounds. First, Svedala contends that Home's removal of the Wisconsin state court action "affirmatively invoked the jurisdiction of the [Wisconsin] District Court and sought relief that is, in the first instance, presumptively adequate to protect its contractual rights." (Resp.Br.Opp'n at 8.) Svedala argues that this Court is presented with no justiciable controversy, and therefore has no subject matter jurisdiction, because Home is already before a federal court seeking to compel arbitration. Svedala further argues that Home's petition should be dismissed because the Wisconsin suit was filed before this petition, relying on the first-filed rule. See, e.g., First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir.1989) ("Where there are two competing lawsuits, the first suit should have priority, absent a showing of balance of convenience ... or ... special circumstances giving priority to the second." (citations omitted)).

▄▄▄ The notion that Home's removal of the Wisconsin state court declaratory judgment action operated in some fashion to revoke this Court's subject matter jurisdiction is seriously flawed. Svedala presumes that Home could obtain an order compelling arbitration from the Eastern District of Wisconsin and that it must do so having removed Svedala's state court action. This position

cannot be reconciled with the well-established principle that only the district court in the district where the arbitration will proceed may order arbitration. Under the Arbitration Act, arbitration must proceed in the district where the order directing arbitration is filed, see 9 U.S.C. § 4, and a federal district court may only compel arbitration in its own district. See 9 U.S.C. § 4; Oil Basins Ltd. v. Broken Hill Proprietary Co., Ltd. 613 F.Supp. 483, 486 (S.D.N.Y.1985) ("The Federal Arbitration Act makes it clear that ... a federal district court may only compel arbitration in its own district."); Lawn v. Franklin, 328 F.Supp. 791, 793 (S.D.N.Y.1971) ("The proper District within which the petition for such order should be filed is the District where the 'proceedings' by virtue of the contract of the parties are to take place."); see also Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, 243 F.2d 342, 346 (2d Cir.1957) ("Section 4 of the Arbitration Act requires that when parties have agreed to arbitrate the arbitration be had in the district where the petition is filed."). Because the arbitration clause in the Premium Agreement on which Home relies expressly provides that arbitration will take place in New York, (see Fisher Aff.Ex. A), Home could not obtain an order to compel arbitration in the Wisconsin action. As Judge Gordon himself recognized:

> [Home] was obligated to file its petition to compel arbitration in [the Southern District of New York] as the arbitration agreement provides for arbitration in New York City; a petition to compel arbitration must be filed in the district in which arbitration is required.

Svedala, slip op. at 3 (citing Merrill Lynch, Pierce, Fenner & Smith v. Lauer, 49 F.3d 323, 327 (7th Cir.1995)). Regardless of Home's actions in Wisconsin, the only court capable of ordering arbitration in this dispute is this one.[1] Similarly, the first-filed rule is

---

1. At oral argument, Svedala's counsel took the position that Home should have asked Judge Gordon to rule on the question of arbitrability in addition to the request for a stay. Counsel explained that Svedala would respect a decision by Judge Gordon that this dispute was arbitrable and that Svedala would not have forced Home to bring a subsequent petition in New York. As

Judge Gordon was plainly aware, an order compelling arbitration could not issue from the Eastern District of Wisconsin. Svedala was free, however, to consent to arbitration following Judge Gordon's grant of the stay. See Svedala, slip op. at 7 ("I conclude that the dispute in this case does involve an issue referable to arbitration...."). To the extent it has not already

inapplicable here because it only applies where the second-filed action embraces the same issue as the first. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991). Accordingly, Svedala's cross-motion to dismiss the petition is denied.

## III.

■ Home's petition to compel arbitration is governed by the Federal Arbitration Act, which provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. It is well understood that whether an agreement to arbitrate governs a particular dispute is essentially a matter of contract interpretation. *See, e.g., Collins & Aikman Prods. Co. v. Building Systems, Inc.*, 58 F.3d 16, 19 (2d Cir.1995) ("Federal arbitration policy respects arbitration agreements as contracts that are enforceable in the same way as any other contract."); *99 Commercial Street, Inc. v. Goldberg*, 811 F.Supp. 900, 905 (S.D.N.Y. 1993) ("Arbitration is first and foremost a matter of contract. . . ."). And, while parties are not required to arbitrate when they have not agreed to, *see Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989), they are bound by provisions to which they have agreed, *see Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845 (2d Cir.1987), and doubts about whether an arbitration agreement covers a dispute must be resolved in favor of arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Collins*, 58 F.3d at 19.

■ The pertinent inquiry, therefore, is whether the parties have entered into a valid written arbitration agreement that covers the disputed premium bills. *See Concourse Village Inc. v. Local 32E, Service Employees Int'l Union*, 822 F.2d 302, 304–05 (2d Cir. 1987); *McMahon v. RMS Electronics, Inc.*, 618 F.Supp. 189, 191 (S.D.N.Y.1985) ("The resolution of the question of arbitrability turns on an interpretation of the arbitration clause."). Home argues that the arbitration clause of the Premium Agreement governs this dispute. The parties do not dispute that the Premium Agreement itself is valid and enforceable, including the arbitration clause—it is the scope of that clause on which they differ. That clause provides for arbitration of any dispute "between [Home] and [Svedala] with reference to the interpretation of this [Premium] Agreement, *or their rights with respect to any transaction involved,* whether such dispute arises before or after termination of the [Premium] Agreement." (Fisher Aff., Ex. A ¶ IA (emphasis added).) Home's action for unpaid premiums billed to Svedala under the terms and conditions of the Premium Agreement falls within the scope of this clause.

Svedala argues that the dispute underlying the unpaid bills is the lens through which the question of arbitrability must be viewed. Svedala asserts that the disputed retrospective premiums resulted from the settlement of a workers compensation claim paid by Home, a settlement that Svedala alleges was made in bad faith and in breach of the Policy. Svedala characterizes its claims of bad faith as arising under the Policy and not under the Premium Agreement. Because the Policy contains no arbitration clause, Svedala argues that this dispute is not subject to arbitration, whether it is styled as a declaratory judgment action by Svedala or as a defense to an action to collect the premiums brought by Home.

Svedala's arguments are unpersuasive. The breadth of the arbitration clause itself, particularly the phrase "any transaction involved" encompasses a dispute over premiums charged under the Premium Agreement. *See Wilson v. Subway Sandwiches Shops, Inc.*, 823 F.Supp. 194, 198 (S.D.N.Y.1993) (comparing broad and narrow clauses). Judge Gordon explained it succinctly:

> Svedala is asserting that Home has no right to collect the retrospective premium assessed under the premium agreement. The premium agreement does not limit disputes subject to arbitration to those in-

agreed to arbitration, in view of Judge Gordon's decision staying Svedala's action pending arbitration, Svedala is compelled to proceed to arbitration in any event in accordance with this Order. ·

**184**

volving rights which arise under the agreement. Any dispute regarding the parties' rights with respect to a transaction involved in the premium agreement is subject to arbitration. Consequently, I conclude that the dispute in this case does involve an issue referable to arbitration, and [Home]'s motion for a stay will be granted.

*Svedala,* slip op. at 7. Indeed, if there were no retrospective premiums billed by Home pursuant to the Premium Agreement, Svedala would have no reason to complain about Home's handling of the settlement of the employee claim. The settlement resulted in retrospective premiums that Home seeks to collect. Svedala's assertions of bad faith are a defense to the collection effort. In whatever terms it is couched, Svedala's challenge principally relates to the disputed retrospective premiums charged under the Premium Agreement. This is precisely the type of dispute with respect to a "transaction involved" that is covered by the arbitration clause in the Premium Agreement. *Compare McMahon,* 618 F.Supp. at 192 (action by fired employee for defamation held within arbitration clause of employment contract where statements were related to employee's termination).

Particularly in view of the liberal federal policy favoring arbitration agreements, and the explicit instructions from the Supreme Court and the Court of Appeals for the Second Circuit that any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration, *see Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. at 941; *Collins,* 58 F.3d at 19, the arbitration clause in the Premium Agreement must be construed to cover a dispute such as this—a dispute that questions whether retrospective payments under the Premium Agreement are due.

### IV.

Accordingly, for the reasons set forth in this Opinion, Home's petition to compel arbitration is granted, and Svedala's cross-motion to dismiss the petition is denied. Svedala is ordered to proceed to arbitration with respect to the disputed premiums bills in accordance with the terms of the arbitration clause in the Premium Agreement. The Clerk is directed to close this case on the active docket of this Court.

**SO ORDERED.**