Meriam J. CALABRIA, Plaintiff,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and John M. Rhoades, Defendants.**

Civ. A. No. 3:93-CV-1896-D.

United States District Court, N.D. Texas, Dallas Division.

June 17, 1994.

Michael G. O'Neill and B. Keith Trent of O'Neill, Snell, Banowsky & McClure, Dallas, TX for plaintiff.

Kenneth E. Johns, Jr. and William H. Church, Jr. of Vinson & Elkins, L.L.P., Dallas, TX for defendants.

FITZWATER, District Judge:

The court is asked to decide whether claims made ineligible for arbitration by the National Association of Securities Dealers, Inc. ("NASD") Code of Arbitration Procedure ("NASD Code") are litigable in court, when the parties to a customer account agreement have agreed that all the claims will be submitted to arbitration. In other words, if a party agrees to arbitrate all claims, but the NASD Code renders certain claims ineligible for arbitration due to their age, may the party nevertheless litigate the older, ineligible claims in a judicial forum? Because the court holds that such litigation is precluded, it grants defendants' motion to dismiss.

**I**

The relevant background facts are straightforward. In February 1986 plaintiff Meriam J. Calabria ("Calabria") opened an account with defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"). Defendant John M. Rhoades ("Rhoades") acted as her broker. Calabria alleges that defendants recommended risky and unsuitable investments that resulted in losses.

Calabria's customer account agreement with Merrill Lynch contained an arbitration clause that provided, in pertinent part:

> Except to the extent that controversies involving claims arising under the Federal securities laws may be litigated, it is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. as the undersigned may elect.

Calabria elected in 1992 to proceed to arbitration before the NASD. Defendants filed an action in New York state court, seeking to stay the arbitration. The New York court stayed arbitration of Calabria's claims that were based upon purchases made prior to October 7, 1986, holding the claims were ineligible for arbitration pursuant to § 15 of the NASD Code. Section 15 of the NASD Code provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The state court ordered the parties to arbitrate Calabria's remaining claims that related to securities purchased on or after October 7, 1986.

Calabria thereafter filed the present action in Texas state court, and defendants removed the case to this court. Calabria seeks damages for negligence, breach of contract, breach of fiduciary duty, Texas law securities fraud, common law fraud, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act in connection with defendants' recommendation and sale of securities to Calabria between February 1986 and October 7, 1986. In other words, Calabria sues in this court based upon claims that

were rendered ineligible for arbitration pursuant to § 15 of the NASD Code because over six years had elapsed from each occurrence.

Defendants move to dismiss for failure to state a claim, contending that because Calabria is barred from bringing the claims in arbitration, she is also precluded from asserting them in a judicial forum.[1]

## II

### A

■ The question presented is whether Calabria's ineligibility under § 15 of the NASD Code to arbitrate claims over six years old precludes her, by virtue of a mandatory arbitration provision in her customer account agreement, from adjudicating the claims in a judicial forum.

Defendants urge this court to adopt the reasoning of *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shelapinsky*, No. 93–1553 (W.D.Pa. Mar. 16, 1994); *In re Shearson Lehman Bros., Inc.*, No. 118446/93 (N.Y.S.Ct. Feb. 15, 1994); *Piccolo v. Faragalli*, 1993 WL 331933 (E.D.Pa. Aug. 24, 1993); and *Castellano v. Prudential–Bache Sec., Inc.*, 1990 WL 87575 (S.D.N.Y. June 19, 1990), and hold that Calabria's claims may not be litigated. Calabria responds that this court should follow *Smith Barney, Harris Upham & Co. v. St. Pierre*, 1994 WL 11600 (N.D.Ill. Jan. 4, 1994); and *Prudential Sec., Inc. v. LaPlant*, 829 F.Supp. 1239 (D.Kan.1993), and decide that the claims are litigable.

The court may not dismiss Calabria's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that she can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court must accept as true the allegations of Calabria's complaint and view them in the light most favorable to her for purposes of deciding defendants' motion to dismiss. *See Royal Bank of Canada v. FDIC*, 733 F.Supp. 1091, 1094 (N.D.Tex. 1990).

### B

The dispositive issue is resolved by examining the arbitration clause of the parties' agreement and the controlling effect of § 15 of the NASD Code.

The customer account agreement provides, in relevant part,[2] "that any controversy ... shall be submitted to arbitration conducted ... pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc." The pertinent portion of the NASD Code states that "[n]o dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy." NASD Code § 15.

Calabria asks the court to interpret the customer account agreement and § 15 of the NASD Code to make all her claims subject to arbitration except those that are ineligible for arbitration, which would remain litigable. This position requires an unnatural reading of the agreement and NASD Code. The two documents are more logically understood to mandate arbitration of all claims, but to provide that a subset of the claims is simply ineligible for arbitration due to age. Interpreted this way, the agreement and NASD Code give effect to the parties' clear intention that they will arbitrate their disputes, and at the same time serve as an impetus for the parties to present their disputes in a timely fashion.

Moreover, to construe the agreement and NASD Code as does Calabria is to read into the documents a right to litigate older claims that is not pellucidly expressed in them, and

---

1. Calabria does not dispute that the question presented may be decided in the context of a Rule 12(b)(6) motion. She argues that defendants' position is incorrect on the merits.

2. The agreement exempts "claims arising under the Federal securities laws" from mandatory arbitration. This exception is irrelevant in the present case because Calabria's complaint alleges only state-law securities claims. Therefore, all her claims are subject to the customer account agreement's arbitration clause.

is in fact inconsistent with the parties' clearly articulated preference for arbitration. The court therefore agrees with those courts that have recognized in cases involving similar customer agreements that "[t]here is simply no language anywhere in the Client's Agreement which states that plaintiff may seek relief in federal district court once it has been determined that his claims are not eligible for arbitration." *Piccolo,* 1993 WL 331933, at *2; *Merrill Lynch,* No. 93–1553, slip op. at 12 (quoting *Piccolo* ).

In *Piccolo* the plaintiff brought an action against his broker and PaineWebber, Inc. ("PaineWebber"), asserting claims based on transactions that were over six years old. The defendants moved to dismiss, contending the client agreement and NASD Code mandated that all controversies between the plaintiff and PaineWebber be submitted to arbitration,[3] and that the NASD Code required that all such controversies be submitted to arbitration no later than six years after their occurrence. 1993 WL 331933, at *1. Plaintiff conceded that his claims against PaineWebber were not eligible for arbitration, but argued that they could be brought in federal district court. *Id.* The court disagreed, noting that the contract did not contain language that enabled the plaintiff to seek such relief once it had been determined that his claims were ineligible for arbitration. *Id.* at *2. The court held that according to the explicit language in the client agreement, the only proper forum for disposition of plaintiff's claims was arbitration.

In *Castellano* the plaintiff alleged that he was entitled to an alternate arbitration forum or judicial determination of his breach of contract claim against defendant Prudential–Bache Securities, Inc. ("Prudential–Bache") after being denied arbitration when the New York Stock Exchange ("NYSE") improperly dismissed his claim. 1990 WL 87575, at *1. The NYSE dismissed the plaintiff's arbitration claim against Prudential–Bache because it had arisen out of transactions that had occurred over six years earlier. Plaintiff argued that the "occurrence" triggering the six-year period should be the date of discovery of the breach of contract. *Id.* at *2. Noting the judicial deference to a securities exchange's interpretation of its own Congressionally-approved rules, the court held that the NYSE was not clearly erroneous in designating the purchase date of the security as the "occurrence" for purposes of triggering the six-year period prescribed by § 15 of the NASD Code. *Id.* The court dismissed the plaintiff's claim, noting that he had a choice of fora, either the American Arbitration Association or the NYSE, and had selected the NYSE. *Id.* at *3. Consequently, plaintiff was unable to procure a second forum to entertain his breach of contract claim after the NYSE dismissed the claim as time-barred. *Id.*

As in *Piccolo* and *Castellano,* the ultimate issue before the court in *Merrill Lynch* was whether customers could litigate claims against a brokerage firm with which they had a mandatory arbitration agreement, after those claims had been found ineligible for arbitration. Under facts similar to the instant case, and relying upon *Piccolo* and *Castellano,* the court in *Merrill Lynch* held that the customer account agreement controlled whether the customers' claims were litigable after having been deemed ineligible for arbitration. *Merrill Lynch,* No. 93–1553, slip op. at 11. The court dismissed the customers' claims, noting that "[t]he parties agreed that all controversies between [the customers] and [Merrill Lynch] would be submitted to arbitration and, by reference to the NASD Code and NYSE Code, the submission would be within six years after their occurrence." *Id.* at 11–12.

Calabria urges this court to follow *La-Plant,* 829 F.Supp. at 1244, where the court held *inter alia* that claims that were more than six years old, as defined in § 15 of the NASD Code, were not subject to arbitration.

---

**3.** The *Piccolo* client agreement provided in pertinent part:

The undersigned agrees, and by carrying an account(s) for the undersigned you agree that ... all controversies which may arise between the undersigned and you (including your employees and agents) concerning any transaction in any accounts or the construction, performance or breach of this or any other agreement between us ... shall be determined by arbitration.

Without discussion, the *LaPlant* court concluded that claims ineligible for arbitration were nevertheless subject to litigation in federal district court. The court stayed litigation of the claims pending arbitration of other claims that were subject to arbitration. *See id.*

The *Merrill Lynch* court declined to follow *LaPlant:*

> Although the court stated in *LaPlant* that the parties entered into an agreement to arbitrate, the provisions of the agreement were not discussed and the text of the agreement cannot be found in the opinion. We can only speculate that the agreement did not provide that claims not subject to arbitration could be litigated. From our reading of *LaPlant,* the issue of whether claims that were ineligible for arbitration could be brought in federal district court was never decided. Rather, it was assumed that the claims could proceed. LaPlant had requested that the stale claims be ordered to arbitration to avoid splitting of the claims. Prudential requested that all claims be stayed from arbitration. As was true in an unrelated action before this court, litigation of stale claims in federal district court was not challenged in *LaPlant.*

*Merrill Lynch,* No. 93–1553, slip op. at 10 (footnote omitted). This court agrees with *Merrill Lynch,* and likewise declines to adopt *LaPlant*'s result.

Calabria also asks the court to follow *Smith Barney.* In *Smith Barney* the brokerage firm sought injunctive relief to prevent customers from proceeding with arbitration. In determining whether Smith Barney would succeed on the merits, the court held that the customers' claims were not subject to arbitration due to their age. In weighing other factors to determine whether Smith Barney proved its entitlement to an injunc-

tion, the court noted that "[b]arring [the customers] from arbitrating their claims does not bar [them] from proceeding through a proper court." *Smith Barney,* 1994 WL 11600, at \*4.

*Smith Barney* is distinguishable from the instant case. Unlike Calabria's suit against defendants, which is governed by a customer account agreement, the court in *Smith Barney* was simply interpreting and applying NYSE Rules 600(a)[4] and 603.[5] Additionally, as in *LaPlant,* the precise question whether claims made ineligible for arbitration could be brought in court was not decided. Instead, the court presumed they could proceed. Without a customer account agreement mandating arbitration of all controversies, this was a reasonable presumption. *Smith Barney* does not control resolution of defendants' motion to dismiss.

The terms of Calabria's agreement with Merrill Lynch mandated arbitration of "any controversy." The agreement incorporated her right to proceed pursuant to the NASD Code, or its NYSE counterpart, both of which contain provisions that require that claims be submitted to arbitration within six years of the occurrence or event on which the claim is based. Calabria is precluded from arbitrating those claims that she failed to submit within six years. She cannot now litigate the stale claims in this court after agreeing to submit all claims to arbitration.

### C

Calabria also supports her contention that § 15 was not intended to bar ineligible arbitration claims from litigation in court by citing proposed amendments to § 15 that she asserts are intended to clarify the issue the court must now decide. Proposed § 15(c) reads as follows:

> A determination by the Director of Arbitration pursuant to subparagraph (b) that

---

4. NYSE Rule 600(a) provides:

    Any dispute, claim or controversy between a customer or non-member and a member, allied member, member organization and/or associated person arising in connection with the business of such member, allied member, member organization and/or associated person in connection with his activities as an associated person shall be arbitrated under the Consti-

tution and Rules of the New York Stock Exchange, Inc. as provided by any duly executed and enforceable written agreement or *upon the demand of the customer or non-member.* (Emphasis added).

5. Rule 603 is virtually identical to § 15 of the NASD Code.

a claim is ineligible shall not constitute a bar to asserting the underlying claim in a judicial forum. With respect to any such ineligible claims the parties will have available to them the rights and remedies provided by applicable law, notwithstanding, any (i) existing predispute arbitration agreement or (ii) decisions on eligibility. No party shall seek to enforce any agreement to arbitration where the claim has been determined to be ineligible under this section.

Securities and Exchange Commission Rel. No. 34–33108 at 2. The court declines to accept this argument. "[T]he proposed [§ 15(c) ] has not been adopted ... [and] is certainly no indication that this was the original intent of [§ 15]." *Merrill Lynch*, No. 93–1553, slip. op. at 11.

■ Calabria further contends that defendants are judicially estopped from preventing her from litigating claims deemed ineligible for arbitration by arguing that they fall within the scope of the mandatory arbitration agreement. In order to obtain a stay of arbitration of claims over six years old, defendants argued in the New York state court that Calabria's stale claims were ineligible for arbitration and therefore the arbitrator had no jurisdiction over them. This position is not inconsistent with what defendants are now contending, and the court concludes that defendants are not judicially estopped from seeking dismissal.

■ Finally, Calabria cites a well-established principle of contract law that ambiguities in a contract are construed against the drafter—here, Merrill Lynch. The court disagrees that the customer account agreement is ambiguous. It explicitly provides that all claims, except those arising under the Federal securities law, *shall* be submitted to arbitration. This argument is without merit.

\* \* \*

Because the arbitration clause that Calabria entered into as part of her customer account agreement provides that all relevant claims must be submitted to arbitration, and because the ineligibility for arbitration of certain stale claims does not make them litigable, the court holds that Calabria can prove

no set of facts in support of her claims that would entitle her to relief. Accordingly, the court grants defendants' motion and dismisses this action by judgment filed today.

**SO ORDERED.**