Eleanor SAUNDERSON, Plaintiff,

v.

GARY GOLDBERG & COMPANY, INC., Defendant.

No. 95 Civ. 3019 (BDP).

United States District Court, S.D. New York.

Oct. 4, 1995.

James T. Meyer, Meyer & Spencer, Harrison, NY, for Plaintiff.

Alfred N. Metz, Deutsch and Frey, L.L.P., New York, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for fraud is presently before the Court on the motion of defendant Gary Goldberg, Inc. to dismiss the complaint for failure to state a claim for which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the motion to dismiss is granted.

### FACTS

On December 15, 1994, Eleanor Saunderson ("Saunderson"), commenced an arbitration before the National Association of Securities Dealers, Inc. ("the NASD") based on fraud, breach of contract and breach of fiduciary duty claims and violations of the "know your customer rule" against Gary Goldberg ("Goldberg"). In her statement of claim, Saunderson alleged that Goldberg's agent, Lou Scipione, swindled her out of her retirement savings by encouraging her to invest in risky limited partnerships. According to Saunderson's claim, Scipione did not disclose risks specific to these investments. Apparently, the investments went sour, and Saunderson lost most of her money. At some point between August 14, 1986 and December 15, 1994, Saunderson discovered that her investments were not profitable, and so, on December 15, 1994, she filed her statement of claim for arbitration and elected to arbitrate before the NASD.

Goldberg filed an action in the New York State Supreme Court ("the supreme court") seeking to stay the arbitration on grounds that the action was time barred under Section 15 of the NASD Code.[1] That Section provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The supreme court agreed that under Section 15, the action was time barred, and it stayed the arbitration. Specifically the supreme court found that "all claims arising from transactions prior to 12/15/88 are time-

1. In the alternative, Goldberg also took the somewhat disingenuous position before the supreme court that he and Saunderson never agreed to arbitrate. In its very brief decision, the supreme court did not indicate whether it considered this argument.

barred by Sec. 15 of the NASD Code." The court "permitted" Saunderson to "withdraw[ ]" her time barred claims but authorized her to proceed on any remaining transactions which took place after December 15, 1988.

On April 18, 1995, Saunderson filed the present action for fraud in connection with Goldberg's recommendation and sale of securities to Saunderson.

### DISCUSSION

■ A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6) only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also *Easton v. Sundram*, 947 F.2d 1011, 1014 (2d Cir. 1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In addition, in deciding a motion to dismiss, the court must read the facts alleged in the complaint "generously" drawing all reasonable inferences in favor of the party opposing the motion. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). The trial court's role is to appraise the legal merits of the complaint and not to weigh the evidence which might be introduced at trial. See *Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not compelled to prove her case at the pleading stage). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Finally, the trial court should grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102). Because Saunderson agreed in August, 1986 to resolve any disputes with Goldberg through arbitration, we find that she has failed to state a claim upon which relief can be granted.

■ Goldberg argues that the Complaint must be dismissed because, inter alia, Saunderson signed a Customer Agreement which requires that all disputes between Saunderson and Goldberg be submitted to arbitration. Because Saunderson elected to proceed before the NASD, she is bound by Rule 15 of the NASD Code which mandates that any disputes be submitted to arbitration no later than six years after their occurrence.

Saunderson does not dispute that more than six years have elapsed since the last of the events giving rise to the claim. Moreover, Saunderson does not dispute that her claims are ineligible for arbitration. She contends, however, that because the state court permitted her to withdraw her claims instead of dismissing them altogether, her claims are properly before this court. We do not agree.

We cannot decipher the meaning of the supreme court's statement that Saunderson is permitted to withdraw her claims. Nevertheless, even if her claims were indeed withdrawn, we would dismiss this action. Saunderson entered into customer agreement with Goldberg along with Bear Stearns as clearing broker on August 14, 1986. That agreement contained a binding arbitration clause which provides:

> All controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof shall be determined by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange, Inc. as you may elect...

The plain language used in this paragraph is not ambiguous, and it was clearly the intent of Goldberg, Bear Stearns and Saunderson that all controversies would be resolved through arbitration rather than litigation in the courts.[2] See *Raytheon Co. v.*

---

**2.** Saunderson argues that she agreed only to arbitrate disputes with Bear Stearns. The arbitration clause by its own terms, however, includes disputes between Goldberg and Saunder-

*Automated Business Systems, Inc.*, 882 F.2d 6, 9–10 (1st Cir.1989). Accordingly, the only proper forum for disposition of Saunderson's claims is arbitration. See *Dean Witter Reynolds, Inc. v. M.C. McCoy*, 853 F.Supp. 1023, 1032 (E.D.Tenn.1994) ("The Court concludes that defendants have by contract waived their right to litigate their claims in the courts in favor of arbitration.").

The parties do not dispute that the above paragraph incorporates by reference Section 15 of the NASD Code which requires that all claims submitted for arbitration must be brought within six years from the last occurrence or event giving rise to the claims. Indeed, Saunderson does not dispute that all of the events involving her investment with Gary Goldberg occurred more than six years before this suit was filed.[3] Thus, it appears that Saunderson's claims are ineligible for arbitration. See *Castellano v. Prudential–Bache Securities*, 1990 WL 87575 (S.D.N.Y. 1990); *Calabria v. Merrill Lynch, Pierce, Fenner & Smith. Inc*, 855 F.Supp. 172 (N.D.Tex.1994): *Dean Witter Reynolds, Inc. v. M.C. McCoy*, 853 F.Supp. at 1030; *Piccolo v. Faragalli*, 1993 WL 331933 (E.D.Pa.1993).

■ Saunderson argues that her claim is properly in this forum because the state court permitted her to withdraw her NASD claim.[4] However, there is simply no language in the Customer Agreement which states that Saunderson may seek relief in federal court once it has been determined that her success through arbitration is unlikely. See *Volt Information Sciences Inc. v.*

*Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989) (holding that parties may choose expressly to agree to exclude specified claims from the scope of their arbitration agreement); see also *Roney and Co. v. Kassab*, 981 F.2d 894, 899 (6th Cir.1992) ("In light of the mandatory language of [Section 15] the district court should enjoin [plaintiff] from pursuing any further claims rooted in the transactions listed in [her] complaint."). Indeed, it is improper for us to consider the merits of a dispute once we have determined that an arbitration agreement exists and that the dispute is covered by the agreement. *Concourse Village Inc. v. Local 32E Service Employees International Union*, 822 F.2d 302 (2d Cir.1987); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3rd Cir.1990).

The fact that Saunderson was permitted to withdraw her time-barred claims from arbitration does not mean that she is entitled to litigate them here. Indeed, for us to find that Saunderson could advance her claims here after having been time-barred from asserting them in arbitration would only encourage a plaintiff seeking to avoid arbitration to wait six years and then assert her claims in federal district court. We doubt very much that is what the drafters of Rule 15 had in mind. See *Castellano v. Prudential–Bache Securities*, 1990 WL 87575 at *3; *Dean Witter Reynolds, Inc. v. M.C. McCoy*, 853 F.Supp. at 1030; *Piccolo v. Faragalli*, 1993 WL 331933.[5]

---

son: it indicates that it governs controversies between "us" and is signed by Goldberg, Bear Stearns and Saunderson.

**3.** In the alternative, Goldberg argues that Saunderson's claims are time-barred under the appropriate statute of limitations. Under New York law, it is well established that "[a] cause of action sounding in fraud must be commenced within six years from the date of the fraudulent act or two years from the date the party discovered the fraud or could with due diligence have discovered it." *Ghandour v. Shearson Lehman Brothers, Inc.*, 624 N.Y.S.2d 390, 391–92 (1st Dept.1995). However, because we find that plaintiff is ineligible to pursue her claim in this forum, we do not address the statute of limitations.

**4.** Saunderson also argues that she withdrew her claim from the arbitration in reliance on Goldberg's argument that he never submitted to the arbitration agreement. See note 1. However, Saunderson's decision to withdraw from the NASD arbitration does not defeat her contractual obligations under a valid arbitration clause.

**5.** As the court noted in *Calabria v. Merrill Lynch, Pierce, Fenner & Smith. Inc*, 855 F.Supp. at 174–75:

"Plaintiff asks the court to interpret the customer account agreement and Section 15 of the NASD Code to make all claims subject to arbitration except those that are ineligible for arbitration, which would remain litigable. This position requires an unnatural reading of the agreement and the NASD Code. The two documents are more logically understood to

## CONCLUSION

For the reasons stated above, Goldberg's motion to dismiss is granted.

**SO ORDERED.**

mandate arbitration of all claims [and] to provide that a subset of all claims is simply ineligible due to age. Interpreted this way, the agreement and the NASD Code give effect to the parties' clear intention that they will arbitrate their disputes and at the same time serve as an impetus for the parties to present their disputes in a timely fashion. Moreover, to construe the agreement and the NASD Code as does [plaintiff] is to read into the documents a right to litigate older claims that is not pellucidly expressed in them and is in fact inconsistent with the parties' clearly articulated preference for arbitration."
See also *Roney* 981 F.2d at 900 (noting that six year eligibility claim for filing claims is a reasonable limitation period in light of the provision's underlying policy, prohibiting stale claims).