**PRUDENTIAL SECURITIES, INC., Plaintiff,**

v.

**Roberta V. MILLS, Defendant.**

**No. 96–2416 M1/A.**

United States District Court, W.D. Tennessee, Western Division.

Aug. 29, 1996.

William E. Frulla, Waring Cox, Memphis, TN, Robert D. Feighner, David M. Bartholomew, Alissa B. Janes, Keesal Young & Logan, Long Beach, CA, for plaintiff Prudential Securities, Inc. (PSI).

Martin H. Aussenberg, Law Offices of Martin H. Aussenberg, P.C., Memphis, TN, Frederick J. Keitel, III, Palm Beach, FL, Joseph G. Murasko, Law Office of Frederick J. Keitell, III, P.A., Palm Beach, FL, for defendant Roberta V. Mills.

## ORDER ENJOINING ARBITRATION PROCEEDINGS BEFORE A FORUM OTHER THAN ASE

McCALLA, District Judge.

Before the Court are the following motions: (1) Defendant's Motion to Dismiss Complaint and Memorandum of Law in Support, filed May 7, 1996; (2) Defendant's Second Motion To Dismiss and To Compel Arbitration before the American Arbitration Association and Incorporated Memorandum in Support Thereof, filed May 16, 1996; and (3) Plaintiff's Motion for Clarification, filed July 1, 1996. As a preliminary matter, plaintiff's motion for clarification is, in substance, a motion to enjoin further arbitration proceedings in a forum other than the American Stock Exchange (ASE).[1] For the

---

1. Plaintiff's original complaint sought to enjoin arbitration before the ASE. Therefore, a subsequent motion to enjoin proceedings before another arbitration forum is not a motion for clarification, but an entirely new issue presented to the Court, which the Court refers to in this Order as a motion to enjoin proceedings in an arbitration forum other than the ASE. In the July 18, 1996 telephone status conference in this matter, the plaintiff explained that its original complaint was restricted to arbitration before the ASE because

it did not contemplate at the time of its filing that defendant would withdraw her entire case from the ASE, and refile her case before the AAA. Plaintiff offered to refile, or move to amend its complaint to seek an order barring all noneligible claims before any proceeding other than the ASE. Tr. at 8. In light of the unusual last moment withdrawal of the ASE proceedings and submittal before the AAA, the Court does not require plaintiff to refile or amend its complaint, and the Court now considers PSI's motion to

reasons stated below, the Court DENIES defendant's motions to dismiss, and GRANTS defendant's motion to ENJOIN plaintiff from proceeding with the arbitration of her claims before the American Arbitration Association (AAA) or any forum other than the ASE.

On August 30, 1995, defendant Mills filed a Statement of Claim with the ASE based on her purchase[2] of several limited partnerships[3] from Prudential Securities, Inc. (PSI).[4] The ASE scheduled a hearing before an ASE panel for June 24, 1996. On April 17, 1996, PSI filed an action before this Court to enjoin defendant Mills from pursuing ineligible claims under ASE Rule 605, and the Court set a hearing on the motion for May 16, 1996. On May 7, 1996, defendant filed a motion to dismiss on the ground that this Court did not have jurisdiction over PSI's complaint that thirteen of defendant's fourteen claims before the ASE were ineligible for arbitration. On May 15, 1996, defendant submitted a letter to the ASE, stating her intention to withdraw her claim from the

ASE,[5] and filed a virtually identical claim before another arbitration forum, the American Arbitration Association (AAA).[6] At the May 16, 1996 hearing on PSI's motion to enjoin arbitration proceedings, defendant announced to the Court her withdrawal of her case from the ASE and her submittal of her case before the AAA, and argued that these acts rendered moot plaintiff's motion to enjoin proceedings before the ASE. Defendant also filed and submitted to the Court for the first time, during the May 16, 1996 hearing on PSI's motion, a second motion to dismiss and to compel arbitration before the AAA.

On June 24, 1996, the Court entered an order enjoining Mills from pursuing her ineligible claims before the ASE. The Court found that all but one investment claim was time barred from arbitration proceedings in accordance with Rule 605(a) of the ASE Arbitration Rules. Rule 605(a) does not allow arbitration of a controversy where six years have elapsed from the occurrence or event

---

*enjoin all arbitration proceedings before any forum other than the ASE. See infra, p. 633.*

**2.** In 1983, defendant Roberta Mills, a resident of Tennessee, opened a brokerage account with PSI. From 1983 through 1989, Mills invested in various securities through PSI; in 1992 and 1993, Mills closed her brokerage accounts.

**3.** Mills filed her claim on August 25, 1995, listing fourteen (14) investments made by PSI on her behalf, from August 15, 1983, to August 29, 1989. The following is a list of plaintiff's investments:

1. First Capital Income IX, $7,000.00, on August 15, 1983.
2. First Capital Income IC, $2,000.00, on August 16, 1983.
3. Prutech R & DI, $5,000.00, on December 15, 1983.
4. Equitec Real Estate Investors, $2,000.00, on October 1, 1984.
5. Century 20, $5,000.00, on January 22, 1985.
6. Lorimar Film Partners, $5,000.00, on January 28, 1986.
7. Growth Hotel I, $5,000.00, on May 9, 1989.
8. Century Pension Income Fund, $4,000.00, on September 11, 1986.
9. Growth Hotel II, $8,000.00, on October 20, 1986.
10. Fogelman Secured Equity, $10,000.00, on November 14, 1988.
11. Metric Growth Suite, $15,000.00, on March 16, 1989.

12. Polaris Income V, $5,000.00, on June 12, 1989.
13. Metric Income Trust, $7,000.00, on July 18, 1989.
14. Polaris Income V, $2,000.00, on August 29, 1989.

The parties agree that plaintiff's last investment, made on August 29, 1989, is subject to arbitration; on June 24, 1996, the Court found that this investment alone falls outside the six-year rule.

**4.** PSI is a corporation engaged in the business of the brokering of securities, and is duly organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

**5.** The letter was addressed to Janice Stroughter, Director of Hearings for ASE, and states, "Please accept this as Claimant's dismissal, without prejudice, of the above stated matter scheduled for hearing on June 24, 1996. Please arrange for the return of Claimants hearing sessions deposit." Ex. 13.

All exhibits cited in this Order refer to exhibits attached to the Declaration of David M. Bartholomew Re: Plaintiff's Motion for Clarification, filed July 1, 1996.

**6.** The primary difference between Mills' AAA Statement of Claim and her ASE Statement of Claim is the addition of the financial advisor as an individual respondent in her claim before the AAA.

giving rise to the act or dispute, claim, or controversy.[7]

On July 1, 1996, plaintiff filed a Motion for Clarification, and on July 18, the Court held a telephone status conference to determine whether any further submittals were required on the remaining motions, defendant's motions to dismiss, and plaintiff's motion for clarification. After hearing argument from both parties on their pending motions, the Court determined that no further submittals were necessary, and took the matter under advisement.

The question now before the Court is whether, by choosing to arbitrate her claims before the ASE, plaintiff is barred from pursuing arbitration in any other arbitration forum. Plaintiff argues: (1) in submitting her claim to arbitration before the ASE, defendant made an election, thereby forgoing arbitration before any other proceeding; (2) Mills' attempt to change fora violates public policy against forum-shopping; and (3) arbitration before the AAA will be unfair and unduly prejudicial to plaintiff. Defendant argues: (1) under the customer agreement between PSI and defendant Mills, defendant was not contractually bound to arbitrate the claims with the ASE; (2) plaintiff did not accept defendant's offer to arbitrate with the ASE and thus, plaintiff cannot compel her to arbitrate with the ASE; (3) it is improper to characterize the ASE proceeding as an "election" because a person cannot elect a course of action that is legally unavailable to her; and (4) plaintiff is in breach of its contract with defendant because plaintiff contested in federal court the arbitration of the claims before the ASE and therefore, defendant is within its rights to pursue arbitration before the AAA.[8]

On January 19, 1983, Mills signed a Client Agreement with PSI upon opening her account. The Client Agreement states in pertinent part:

... Any controversy arising out of or relating to my account, in transactions with or for me or to this Agreement or the breach thereof ... shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect. If I do not make such election by registered mail addressed to you at your main office within five (5) days after demand by you that I make such election, then you may make such election ...

Ex. 1. By signing this agreement, defendant is bound to its terms for resolution of any investment claims against PSI.

On August 30, 1995, Mills filed a claim regarding fourteen investments made by PSI on her behalf. She did not choose either of the fora mentioned in the Client Agreement; rather, she filed her claim with ASE. In determining whether defendant is barred from arbitration of her claims before an arbitration forum other than the ASE, the Court must first determine whether the language of the Client Agreement mandates an election of proceedings. If it does, the Court must determine whether arbitration before the ASE was an option subject to election, thereby binding defendant to exclusive proceedings before the ASE, and precluding all other arbitration fora.

■ The parties do not dispute that the language of the Client Agreement requires an election of arbitration fora to resolve disputes [9]; instead, the parties disagree as to what arbitration fora fall under the election requirement. The doctrine of election is defined in the following manner:

The liberty of choosing (or the act of choosing) one out of several means afforded by law for the redress of an injury, or one out of several available forms of action. An "election ..." arises when one having

---

7. Rule 605(a), Section 9544, of the ASE Arbitration Rules provides in relevant part,

No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

8. Defendant made the first three arguments in Defendant's Response to Plaintiff's Motion for Clarification (Response), filed July 16, 1996. Defendant made the fourth argument at the July 18, 1996 telephone status conference. Tr. at 5.

9. In her May 7 and May 16, 1996 motions to dismiss, defendant argued that the Client Agreement applies.

two coexistent but inconsistent [fora] chooses to exercise one, in which event he loses the right to thereafter exercise the other. Doctrine provides that if two or more [fora] exist that are repugnant and inconsistent with one another, a party will be bound if he has chosen one of them. Black's Law Dictionary, p. 518 (6th ed. 1990).[10] Election language demands that the parties choose between a choice of fora, and binds the parties to the choice made.[11] A forum selection clause is entitled to complete enforcement absent fraud. *Roney & Co. v. Goren*, 875 F.2d 1218, 1223 (6th Cir.1989).

Defendant maintains that the election contract language of the Agreement limits the available fora to the AAA and the New York Stock Exchange (NYSE). "Having filed a claim in arbitration with the AMEX [ASE], Mills could not have made an election between the AAA and the NYSE because AMEX [ASE] was not one of the fora available under the terms of the contract." Response at 2. Defendant concludes, "Mills could have elected to file only with the AAA or the NYSE. She had no other choice for election under the contract. Since she did not file with the AAA until May of 1996, her election under the contract could not have occurred until then." *Id.* at 2–3.

■■■ It is undisputed that the election language of the Client Agreement does not specify ASE as an option of fora, nor does it indicate that fora other than the AAA or NYSE are available by mutual agreement of the parties. However, this contract may be modified by subsequent actions, documents, or other agreements changing the terms of the contract.[12] Parties may modify the terms of an existing contract at any time. *Bonastia v. Berman Bros., Inc.*, 914 F.Supp. 1533, 1538 (W.D.Tenn.1995), citing *Wright v. Fischer*, 24 Tenn.App. 650, 148 S.W.2d 49, 53 (1940). Whether written or oral, the modification of a written contract requires the mutual assent and the meeting of the minds of the parties to the contract. *V.L. Nicholson Co. v. Transcon Investment and Financial Ltd., Inc.*, 595 S.W.2d 474 (Tenn.1980); *Batson v. Pleasant View Utility District*, 592 S.W.2d 578, 582 (Tenn.App.1979); *Sanders Construction Co., Inc. v. San Joaquin First Federal Savings and Loan Ass'n*, 136 Cal. App.3d 387, 396, 186 Cal.Rptr. 218 (Cal.App. 1982); *Vella v. Hudgins*, 151 Cal.App.3d 515, 198 Cal.Rptr. 725 (Cal.App.1984). If the behavior of the parties is a modification, then that modification is binding on the parties.

■■■ In the present case, the actions of plaintiff and defendant indicate that, by mutual agreement, the parties modified the contract. Specifically, the parties took the following actions:

1. ASE Statement of Claim, filed by Mills on August 30, 1995.

2. Response to ASE Statement of Claim, filed by PSI on December 13, 1995.

---

**10.** This definition falls under the subheading, "Election of Remedies." The definition applies in full to elections of arbitration forums.

**11.** Defendant cites *Calabria v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F.Supp. 172 (N.D.Tex.1994) and *Castellano v. Prudential–Bache Securities, Inc.*, 1990 WL 87575 (S.D.N.Y. 1990) for the proposition that once a forum for arbitration has been chosen by a party, that party cannot submit its claim to another forum once the claim has been dismissed from the original forum. Specifically, these cases involve situations where an arbitration agreement was executed by a customer and a rule of that forum renders ineligible certain claims, raised by the customer. In both cases, the court found that the customer may not litigate the ineligible claims in court or in another arbitration forum. Defendant maintains that these cases are distinguishable from the present case because they involve claims filed in arbitration and subsequently filed in federal court. Thus, the specific question presented by these cases is whether eligibility bars under arbitration rules precluded the plaintiffs, by virtue of submission under the customer agreement's mandatory arbitration provision, from adjudicating the claims in a judicial forum. While these cases involve submissions to federal court and not the particular situation in the present case, *Calabria* and *Castellano* stand for the proposition that once claims have been submitted for determination to a forum subject to an election agreement, those same claims cannot be submitted to another forum for determination.

**12.** With regard to the law relevant to this case on the modification of contracts, California and Tennessee law are comparable. Therefore, it is unnecessary to determine whether California or Tennessee contract law governs this matter.

3. Motion to Dismiss Statement of Claim, filed by PSI on December 13, 1995.

4. Response to PSI's Response to Statement of Claim and Motion To Dismiss, filed by Mills on January 11, 1996.

5. Reply to Opposition to Motion To Dismiss, filed by PSI on January 23, 1996.

6. Request for Information and Documents, filed by Mills on February 14, 1996.

7. Request for Production of Documents, filed by PSI on February 26, 1996.

8. Response to Request for Production of Documents, filed by PSI on March 11, 1996.

9. Request for Information and Documents, filed by Mills on March 26, 1996.

10. Complaint for Declaratory Relief, filed by PSI on April 17, 1996.

11. Motion To Dismiss PSI's Complaint for Declaratory Relief and Memorandum of Law in Support, filed by Mills on May 7, 1996.

12. Response in Opposition to PSI's Motion for Injunctive Relief, filed by plaintiff on May 10, 1996.

13. Reply in Support of Motion for Declaratory and Injunctive Relief, filed by PSI on May 14, 1996.

14. Letter from Frederick Keitel to ASE regarding dismissal of Mills' arbitration proceeding, filed by plaintiff on May 15, 1996.

The number, nature, and extent of the submittals by both plaintiff and defendant evidence modification of the contract to include the ASE as an arbitration forum subject to election by the parties. Defendant argues that these submissions do not amount to a modification. With respect to the submission agreement, defendant states:

All the submission agreement does is affirm that the person signing agrees to be bound by the rules of the forum and any award. Under the rules of the AMEX [ASE], all parties participating in the arbitration must file a submission agreement either with the statement of claim or as a respondent, with the answer. American Stock Exchange, Code of Arbitration Procedure, Rule 25(a) and (b)(1). It is not an agreement between the parties to arbitrate before the AMEX [ASE].

Response at 4–5. Contrary to defendant's argument, the language of the submission agreement is not a simple agreement to be bound to the rules of the ASE. Rather it represents an agreement to submit the claims to binding arbitration before the ASE:

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

. . . . .

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s)....

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) ...

Ex. 2 & 4. Mills signed this agreement on August 14, 1995, and a representative of PSI signed the agreement on behalf of PSI on December 1, 1995. *Id.* Further, plaintiff indicated by letter to the Director of ASE on August 30, 1995, that Mills' claims were submitted for determination before the ASE: "This firm represents Roberta Mills ... in connection with her claim that she possesses against Prudential Securities, Incorporated.... Claimant is seeking damages which she has suffered as a result of the unsuitable investments made for her account by respondent." Ex. 3. Shortly thereafter, on December 13, 1995, PSI wrote a letter to Janice Stroughter, Director of Hearings for ASE, requesting that ASE dismiss Mills' claim with prejudice on the ground that the claims were ineligible under Rule 605; the parties

subsequently filed a number of documents before the ASE, addressing the eligibility issue. The parties also filed a series of requests for documents to further proceedings at the ASE. This exchange of information regarding the production of documents and dispute regarding the eligibility of Mills' claims, demonstrates a mutual agreement,[13] initiated by Mills, to submit Mills' claims to arbitration under the ASE.

The submission agreement binds the parties to the decision made by the ASE arbitrator, establishing the ASE as a final, binding forum. As such, it holds the precise role that the AAA or the NYSE holds pursuant to the Client Agreement between Mills and PSI. Plaintiff was not required, under the Client Agreement, to agree to defendant's choice of ASE as an arbitration forum. But, by signing the submission agreement, plaintiff accepted defendant's choice of forum.[14] To deny binding status to proceedings under the ASE, the Court would have to ignore the submission agreement before the ASE, and the actions of the parties subsequent to submission of the agreement. Further, any denial would have the effect of punishing plaintiff for allowing defendant her choice of forum.

Defendant's withdrawal of the claim by letter to the Director of Hearings for the ASE the day before the May 16, 1996 hearing on the eligibility for arbitration of defendant's claims pursuant to ASE Rule 605(a), and defendant's argument to the Court on May 16, 1996 that all issues regarding Rule 605(a) were moot in light of the withdrawal, evidence forum-shopping. *See Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 507 (Tenn.1996) (finding that, in determining whether a binding election exists, the court should consider as a "pertinent factor" the goal of preventing forum-shopping). The AAA rules do not present eligibility questions for defendant because they do not contain a rule parallel in substance to ASE Rule

605(a). In this respect, the AAA forum is preferable for defendant. However, defendant chose another forum and cannot, once confronted with the legal barriers resulting from that choice, simply withdraw from adjudication before the chosen forum.

Proceeding before the AAA at this stage is unfair to plaintiff, who engaged in comprehensive discovery and argument in preparation for determination before the ASE, and will be forced to duplicate pleadings and discovery, incur additional expense, pay substantial administrative fees, and lose significant time. While some of the work performed by plaintiff can be used in proceedings before the AAA, the different rules of the AAA forum will require significant extra work by plaintiff.

Finally, PSI was entitled to pursue its Rule 605 eligibility before this Court. *Roney & Co. v. Kassab*, 981 F.2d 894 (6th Cir.1992); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993). Its pursuit of a legal remedy before this Court does not, therefore, constitute a breach of contract.

For the reasons stated above, defendant's motions to dismiss are DENIED. Defendant is ENJOINED from proceeding with her claims before the AAA, or any arbitration forum other than the ASE. Pursuant to Rule 605(a) and in accordance with the Court's June 24, 1996 Order and the present Order, only defendant's claim regarding the August 29, 1989 investment is properly subject to arbitration before the ASE, and defendant may proceed with arbitration before the ASE on that claim.

SO ORDERED.

---

**13.** Defendant argues that plaintiff's objection to the arbitration of thirteen of defendant's claims on ground that they are ineligible for arbitration before the ASE under ASE Rule 605 amounts to a refusal of that forum for arbitration. On the contrary, plaintiff demonstrated its acceptance of defendant's forum selection by signing the ASE's submission agreement, and by developing and proceeding with its arguments in accordance with the rules of that forum.

**14.** Defendant refers to ASE as AMEX in her pleadings.